AO 106 (Rev. 04/10) Application for a Search Warrant

FILED19 DEC '18 13:19USDC-ORP

# UNITED STATES DISTRICT COURT
for the
District of Oregon

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
                                               )   Case No.   '18-MC-1087
The person of Teondre Antonio Bonner, born 1992, )
USMS Reg. No. 81089-065, housed at Columbia Co. )
Jail, 901 Port Ave., St. Helens, OR (Att. A)   )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
The person of Teondre Antonio Bonner, born 1992, USMS Reg. No. 81089-065, housed at Columbia Co. Jail, 901 Port Ave., St. Helens, OR, more particularly described in Attachment A, attached hereto and incorporated herein.

located in the _____ District of ___Oregon___, there is now concealed *(identify the person or describe the property to be seized)*:
The information and items set forth in Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922(g) | Felon in Possession of a Firearm |

The application is based on these facts:
See affidavit which is attached hereto and incorporated herein by this reference.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Colby J. Panter, FBI TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/19/18

_____
Judge's signature

City and state: Portland, Oregon

Youlee Y. You, United States Magistrate Judge
*Printed name and title*

DISTRICT OF OREGON, ss:        AFFIDAVIT OF COLBY PANTER

**Affidavit in Support of an Application Under Rule 41
for a Warrant to Search and Seize DNA Evidence**

I, Colby J. Panter, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.      I am currently employed by the City of Portland, Bureau of Police, and have been a police officer in the State of Oregon for over twenty-one (21) years. I am presently assigned to the Metro Gang Task Force (MGTF), which is a FBI-led Safe Streets Task Force, responsible for investigating violent gangs within the greater Portland Metropolitan area. As an investigator with the Metro Gang Task Force, I have been federally sworn as a Special Deputy United States Marshal and received Special Deputation by the Federal Bureau of Investigation pursuant to Title 28 of the United States Code. As such, I am empowered under Title 18, United States Code, Sections 3052 and 3053, and Rule 4 of the Federal Rules of Criminal Procedure, to conduct investigations and make arrests for federal criminal offenses, including violations of Title 18, United States Code, Section 922(g)(1) (Firearm Possession Prohibition) and Title 21, United States Code, Section 841(a)(1) of the Drug Abuse Prevention and Control Act of 1970 (distribution and possession with intent to distribute controlled substances).

2.      In addition to my current duties, I am assigned to the Portland Police Bureau's Gang Enforcement Team as a gang investigator and have maintained that position for approximately ten years. My job assignment includes the investigation of gang related crimes which include, but are not limited to; the investigation of violations of Oregon Revised Statutes (ORS) chapters: 164, 475, 166 and 163. These violations include but are not limited to; illicit

drug crimes, assaults, armed robberies, weapons possession, shootings, and prostitution. As a Gang Enforcement Team Officer, I have ongoing training by members of the Portland Police Bureau, Department of Public Safety Standards and Training, Western States Information Network, United States Attorney's Office, Multnomah County District Attorney's Office, Federal Bureau of Prisons, Washington State Department of Corrections, Oregon State Department of Corrections and Federal Bureau of Investigation. I have written fifty (50) search warrant affidavits and helped execute at least one-hundred (100) residential search warrants. During the course of being a patrol officer, Neighborhood Response Team officer, and Gang Enforcement Team officer, I have had numerous conversations with individuals involved in gang related crimes. I am a party to the investigation described herein; my knowledge of the matters described in this affidavit are the result of a combination of my own firsthand knowledge as well as facts described to me by other law enforcement personnel assisting with the investigation.

3. I submit this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the collection and examination of Deoxyribonucleic Acid (herein after referred to DNA) from Teondre Antonio BONNER, who is under the custody of the the United States Marshals Service and housed at the Columbia County Jail, located at 901 Port Ave, Saint Helens, OR 97051, as described in Attachment A, which is attached hereto and incorporated herein by this reference, for the collection of certain evidence described in Attachment B, which is also attached hereto and incorporated herein by this reference. As set forth below, I have probable cause to believe and do believe that the items set forth in Attachment B constitute evidence of the crime of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g).

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

## Statement of Probable Cause

5. Based on my training, research, and experience, as well as my conversations with other law enforcement personnel, I believe that:

   a. BONNER is a self-admitted member of the criminal street gang known as the "Rollin' 60's Crips" and that he has multiple street names/monikers including "Stuey Bone" and "J Rod";

   b. BONNER, his family members, and his gang associates, are believed to frequently engage in illegal, violent acts and are known to carry weapons;

   c. BONNER is not allowed to be in possession of a firearm due to his criminal record, which includes multiple felony convictions for Unlawful Use of a Weapon.

6. Upon review of Records Management System (RMS) related to BONNER, I found reports related to an incident that occurred on June 18th, 2018. Multnomah County Deputy Laizure reported conducting a traffic stop in the area of Southbound Interstate 205 north of Johnson Creek Boulevard in Multnomah County, Oregon. While out of his patrol vehicle, Deputy Laizure observed a vehicle swerve and strike his patrol vehicle as it passed southbound

on Interstate 205. Deputy Laizure gave chase to the vehicle which did not stop upon striking his patrol vehicle. Deputy Laizure observed the fleeing vehicle was bearing California State license plate 7XZK898 later found to be an Enterprise rental car. Deputy Laizure was able to stop the vehicle in the area of Fuller Road and Hinkley Avenue after a short chase.

7. The driver of the vehicle was found to be Ahjanae Kent, a black female born in 1993. BONNER was found to be in the front passenger seat of the vehicle and was identified through his DMV photograph. Driver Ahjanae Kent was removed from the vehicle and found to be intoxicated by Deputy Laizure. BONNER was removed from the vehicle and believed to be intoxicated by Deputy Laizure as well. Assisting Clackamas County Deputies Hunter and Castro assisted Deputy Laizure at the traffic stop. While Deputy Laizure spoke with BONNER, Deputies Castro and Hunter located a firearm under the passenger seat of the vehicle as well as a large amount of cash.

8. Both Kent and BONNER denied possession of the firearm to Deputy Laizure. BONNER told Deputy Laizure that the firearm probably belonged to the owner of the vehicle. Deputy Laizure contacted the rental car company who advised that the vehicle was rented under the name of "Tynissa Bonner". Ahjanae Kent was arrested for Driving Under the Influence of Intoxicants (DUII), Reckless Endangering, Failure to Perform the Duties of a Driver, as well as weapons charges. While Deputy Laizure processed Kent for the DUII, approximately one hour after the initiation of the traffic stop, Kent told Deputy Laizure that the firearm belonged to BONNER. Deputy Laizure asked Kent why she did not tell him earlier, and Kent said she was not a "snitch."

9. I reviewed the Supplemental Report written by Clackamas County Deputy Castro

related to assisting on the stop of for the vehicle was bearing California State license plate 7XZK898. Deputy Castro observed Kent exit the driver door of the vehicle and assisted in taking her into custody. Deputy Castro observed BONNER exit the passenger seat of the vehicle and assisted in placing BONNER into custody. Deputy Castro reported locating a Smith and Wesson pistol under the passenger seat where BONNER was seated.

10. BONNER was released by Deputies at the scene, and Deputy Castro reported that upon his release, BONNER made statements about being a "Rollin' 60's Crip", and made vague threats to Deputy Castro and his family. Deputy Castro specifically reported that BONNER stated, that he would remember Deputy Castro and his family, and that he would, "Catch him around the block".

11. The firearm was seized by Deputy Laizure and found to be a Smith and Wesson model SD40VE, .40 caliber pistol with serial number FZU3774. The firearm was submitted to the Multnomah County Sheriff's office property room on receipt #B253097. The firearm was sent to the Oregon State Police Crime Lab for fingerprint processing and DNA collection on Exhibit number 18L-04552. Exhibit number 18L-04452 states two swabs of DNA material were collected from the grips, slide release, magazine release, and frame of the firearm.

12. The firearm was traced through the Bureau of Alcohol Tobacco and Firearms and found to have been purchased on May 11th, 2018, by Hali Dawn Porter, a white female born in 1990. I am aware, through statements made during BONNER's court appearances, that Hali Dawn Porter is or was BONNER's girlfriend and a person with whom BONNER could reside if released.

13. On August 14th, 2018, I received information from Portland Police Bureau

(hereinafter "PPB") Sergeant Steven Wilbon regarding an August 10, 2018 traffic stop conducted on a vehicle operated by BONNER during which a loaded handgun, 1 kilogram of cocaine, and $1929.00 of U.S. Currency were recovered from the vehicle. The traffic stop occurred at approximately 5:23 p.m. on August 10th, 2018 in the area of Northeast 47th Avenue and Columbia Boulevard, Portland, Multnomah County, Oregon.

14. I reviewed reports by PPB Sergeant Wilbon, PPB Sergeant Duilio, PPB Officer Sherwood and PPB Officer Hughes and found that at approximately 5:23p.m., on August 10, 2018, PPB Sergeant Wilbon and PPB Sergeant Duilio observed BONNER operating a Subaru Outback station wagon bearing Washington State license plates BKR9376, in the area of Northeast 47th Avenue and Columbia Boulevard, in Portland, Multnomah County, Oregon. Wilbon observed the vehicle drift across the yellow lane line on three occasions without signaling a lane change, which Wilbon knew to be traffic violations. Wilbon also knew BONNER to be a Rollin' 60's Crip with violent history and specifically noted a Clackamas County informational bulletin from June 25th, 2018, in which BONNER was identified as making threats to Law Enforcement during a high-risk traffic stop on June 18, 2018, which lead to the recovery of a firearm under BONNER'S seat.

15. Sergeants Wilbon and Duilio initiated a traffic stop on BONNER at Northeast 46th Avenue and Columbia Boulevard with the assistance of PPB Officers Sherwood and Hughes. Sergeant Wilbon received vehicle paperwork indicating the vehicle BONNER was operating was a Dollar Rental car, which Sergeant Wilbon promptly handed to Officer Hughes. Upon review of the vehicle paperwork, Officer Hughes determined the rental car BONNER was operating was over-due for return and BONNER was not listed on the lease agreement with the rental car

company. Officer Hughes contacted Dollar Car Rental, and was told that the rental company wanted their vehicle out of BONNER'S possession and immediately returned. Dollar Car Rental asked that the Portland Police facilitate the return of their property. The rental car agreement was made in the name of Hali D. Porter listing an Oregon driver license ending in 7608. On December 18th, 2018, I conducted an RMS check for the name "Hali D. Porter", and found Hali Dawn Porter a white female born in 1990 with Oregon driver license 1877608.

16. BONNER was escorted from the vehicle by Officers Hughes and Sherwood without protest. Sergeant Wilbon indicated that he had consent to search the vehicle from Dollar Car Rental as Sergeant Wilbon intended to tow the vehicle as well as authority to inventory the vehicle per Portland City Code and policy, and an obligation to return BONNER'S property in a safe manner. Therefore Sergeant Duilio, Officer Sherwood, and Officer Hughes searched the vehicle.

17. Upon beginning the search of the vehicle, Officer Hughes located a loaded .44 special Charter Arms, Bulldog Pug, black and silver revolver, with Serial number 102524, in the center console of the vehicle between the driver seat and the front passenger seat. BONNER was immediately placed into custody by Officers Hughes and Sherwood.

18. Upon further search of the vehicle, Sergeant Duilio located a brick of suspected cocaine packaged in wrapped cellophane, in a vacuum sealed bag, consistent with a kilogram of cocaine. I know, based on my training and experience, that a kilogram quantity of cocaine is more consistent with a distribution quantity than a user quantity of drugs. The cocaine was located inside a blue Versace backpack on the rear passenger floorboard directly behind the center console.

19. Officer Sherwood processed the recovered firearm in place for touch DNA utilizing Bode Swabs. While in custody, BONNER gave consent to collect his DNA and Officer Sherwood collected oral swabs from BONNER. The Oregon State Police Crime Lab analyzed the touch swabs taken from the firearm and determined that the swabs contained a mixture of five or more contributors. Due to mixture complexity, this evidentiary profile from the firearm was not suitable for comparison purposes.

20. The Oregon State Police Crime Lab also examined the cocaine seized from BONNER's vehicle and confirmed the presence of 998.77 grams of cocaine.

21. On October 16, 2018, based on the above described facts, a federal grand jury indicted BONNER for PWID Cocaine, Possession of a Firearm in Furtherance of Drug Trafficking, and Felon in Possession of a Firearm.

22. On December 18th, 2018, I conducted research regarding the origin of the Smith and Wesson .40 caliber firearm with serial number FZU3774 seized from under BONNER's seat in the June 2018 traffic stop. Although Smith and Wesson firearms are manufactured in the United States, they are not manufactured in the State of Oregon. Therefore, to be possessed in the State of Oregon, the Smith and Wesson handgun would have been shipped or transported in interstate or foreign commerce.

**Training and Experience**

23. I am aware from my training and experience that human DNA is often considered evidence that is helpful in furthering criminal investigations. DNA is often located or extracted from items such as hair, blood, sweat, skin cells, and other bodily substances. I know from my training and experience that these items of evidence are often times left at the scene of the crime

or found in trace quantities on evidence seized at crime scenes. These items may be compared to a sample from a suspect in the case to either confirm or negate his involvement. I know from my training and/or experience and conversations with the Oregon State Police Forensic Scientists, that the Oregon State Crime Lab can make comparisons of DNA evidence to link the DNA evidence to subjects such as victims or suspects.

24. I have spoken with Oregon State Police Forensic Scientists, who have said that a direct DNA sample collected from a subject would be the best way to conduct the comparison to the DNA material collected from the swabs taken from the Smith and Wesson .40 caliber firearm with serial number FZU3774.

## Conclusion

25. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that the above described individual has committed violations of federal law, including Title 18, United States Code, Section 922(g) Felon in Possession of a Firearm. In light of the above information, there is probable cause to believe that obtaining samples of cellular tissue from the gums and/or cheek surfaces of BONNER's mouth is necessary in order to complete the forensic examination of Deoxyribonucleic Acid (DNA) analysis and comparison to the DNA recovered from the firearm seized from under BONNER's passenger seat on June 18, 2018.

26. Your affiant therefore respectfully requests that the attached warrant be issued authorizing the search of BONNER, the person described in Attachment A, for seizure of four (4), oral swab samples of cellular tissue from the gums and/or cheek surfaces in BONNER's mouth, described in Attachment B, in a medically approved manner and environment by

reasonable means, including force, if he physically resists, to be used for DNA testing and comparison by the Oregon State Police Forensic Laboratory.

27. Prior to being submitted to the Court, this affidavit, the accompanying application, and the requested search warrant were all reviewed by Assistant United States Attorney (AUSA) Leah K. Bolstad, and AUSA Bolstad advised me that in her opinion the affidavit and application are legally and factually sufficient to establish probable cause to support the issuance of the requested warrant.

Colby J. Panter
Task Force Officer
FBI Portland Division

Subscribed and sworn to before me this the 19th day of December 2018.

THE HONORABLE YOULEE Y. YOU
United States Magistrate Judge

## Attachment A
## Person to be searched

Teondre Antonio Bonner (see below photograph), a black male with a date of birth of April 28th, 1992, assigned Federal Bureau of Investigation Number 284116HD5 and USMS #81089-065, who is currently under the custody of the United States Marshals Service and housed at Columbia County Jail, located at 901 Port Ave, Saint Helens, OR 97051.



## Attachment B
## Evidence to Be Seized

Four (4) oral swab cellular tissue samples from the cheek and/or gum surfaces in the mouth, or one vial containing approximately five to ten milliliters of blood, in a medically approved manner and environment by reasonable means, including force, if physical resistance is met, from BONNER, the person more fully described in Attachment A, for the purposes of comparison by the Oregon State Police Forensic Laboratory to DNA material collected from Smith and Wesson handgun with serial number FZU3774, by the Oregon State Police Forensic Laboratory on lab number 18L-004552.